UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL TECHNOLOGY SOLUTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ROSSLAW, PLLC; and MATTHEW E. ROSS,<br><br>Defendants. | Case No.: 24-cv-320-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Count 2 of the First Amended Complaint Pursuant to Fed. R. Civ. Proc. 12(b)(6) ("Motion to Dismiss Count 2"), filed by Defendants RossLaw PLLC ("RossLaw") and Matthew E. Ross ("Ross") (collectively, "Defendants"). (ECF No. 14.)

**I.    BACKGROUND**

On February 21, 2024, Plaintiff Global Technology Solutions, Inc. ("GTS" or "Plaintiff") initiated this action by filing a Complaint against Defendants. (ECF No. 1.)

On May 7, 2024, Defendants filed a Motion to Dismiss Count 2 of the Complaint (the "First Motion to Dismiss") (ECF No. 5), which alleged a claim for breach of fiduciary duty.

On May 28, 2024, Plaintiff filed a First Amended Complaint ("FAC"), the operative pleading in this case. (ECF No. 9.)

On June 11, 2024, the Court issued an Order denying as moot Defendants' First Motion to Dismiss. (ECF No. 13.)

On June 21, 2024, Defendants filed the pending Motion to Dismiss Count 2 of the FAC. (ECF No. 14.)

On July 15, 2024, Plaintiff filed a Response in opposition to the Motion to Dismiss Count 2. (ECF No. 15.)

On July 22, 2024, Defendants filed a Reply. (ECF No. 16.)

## II.   ALLEGATIONS IN THE FAC

RossLaw "is a professional limited liability company organized and existing under the laws of District of Columbia." (FAC ¶ 20, ECF No. 9.) Ross "is an individual and the Managing Member of RossLaw, PLLC" and is the only member of RossLaw. *Id*. ¶ 20–21.

RossLaw and Plaintiff GTS entered into an Escrow Agreement effective January 12, 2023, with GTS and non-party SC Endowment Ltd. ("SC Endowment"), "who are the two principals of a commercial transaction, and Defendant RossLaw, who agreed to serve as the escrow agent." *Id*. ¶ 3. The Escrow Agreement required GTS to make an $800,000 refundable deposit to RossLaw's IOLTA Attorney Trust Account ("Escrowed Funds"). *Id*. ¶ 28. According to the Escrow Agreement, RossLaw was to hold this refundable deposit until RossLaw was in possession of:

> (1) the Surety in the form of an irrevocable Pay Order from Banco BBVA Spain in the amount of €800,000, (2) a Notice of Readiness – Issuance and Formation of Private Corporate Bond email from Kendall Knowles attorney for TC Advantage Traders Ltd stating that the Financial Guarantee for the Bond is approved and that TC Advantage Traders will produce and sell the Bond to one of their authorized institutional buyers and (3) an invoice from SC Endowment.

*Id*.

Under the Escrow Agreement, if the Surety was not received by RossLaw within fifteen (15) business days of the GTS deposit of $800,000, RossLaw "was to return the $800,000 deposit to GTS with no further obligation." *Id*. ¶ 29. The agreement also stated:

> [i]n the event RossLaw timely received the Surety … but was not presented with the completed Bond with either an ISIN or CUSIP identification corresponding to the Bond within one-hundred-twenty (120) days of the GTS $800,00 deposit, RossLaw agreed to send the Surety in the form of an irrevocable Pay Order from Banco BBVA Spain in the amount of €800,000 to GTS by bonded Fed Ex carrier so that GTS could present the pay order to Banco BBVA Spain for payment.

*Id*. ¶ 30.

The Surety did not arrive at RossLaw's office within fifteen (15) business days of receipt of the Escrowed Funds from Plaintiff, and as of the date of filing, the Surety has never arrived. *Id*. ¶ 70. Under the terms of the Escrow Agreement Plaintiff had the right to have the Escrowed Funds immediately returned. *Id*.

Instead, the Escrowed Funds were disbursed by RossLaw. The transaction had not yet closed within one-hundred-twenty (120) days of RossLaw's receipt of Plaintiff's escrowed deposit, and under the Escrow Agreement, RossLaw was required to send the Surety back to Plaintiff in the form of an irrevocable Pay Order in the amount of €800,000, but RossLaw never obtained possession of the Surety in this way. *Id*. ¶ 71–72. RossLaw instead received a "purported Surety in the form of an irrevocable Pay Order from a different bank than what was expressly required under the Escrow Agreement, without written permission from GTS, and RossLaw distributed the Escrow Funds anyway." *Id*. ¶ 73. Plaintiff sent a written demand to RossLaw to return the Escrowed Funds to Plaintiff, which RossLaw refused. *Id*. ¶ 75.

Plaintiff brings two claims against Defendants: (1) Breach of Contract; and (2) Negligence. Plaintiff seeks compensatory damages, an award of appropriate pre-judgment and post-judgment interest, and an award of reasonable attorneys' fees and costs.

In the second claim, Plaintiff alleges that RossLaw was negligent when disbursing the Escrowed Funds without first obtaining the Surety as set forth in the Escrow Agreement and without providing appropriate supporting documentation to Plaintiff. *Id*. ¶ 77–78. Plaintiff further alleges that RossLaw was negligent when it failed to return the $800,000 deposit and the Surety to Plaintiff. *Id*. ¶ 81. Plaintiff alleges that RossLaw "negligently

vouched for parties to the transaction, negligently stated that it did not owe fiduciary duties to either principal in the transaction, and negligently concealed [RossLaw's] fiduciary attorney-client relationship with SC Endowment." *Id*. ¶ 86.

Plaintiff alleges that as a result of RossLaw's negligence, Plaintiff has suffered damages including the sum of the refundable Escrow Deposit, the Surety worth €800,000, out of pocket expenses related to the loss of Plaintiff's funds exceeding $845,000, plus interest. *Id*. ¶ 87.

### III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim for relief, a pleading "must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)). While a pleading "does not require 'detailed factual allegations,'" Rule 8 nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In

sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## IV. JUDICIAL NOTICE

Defendants request that the Court take judicial notice of the following documents: (1) the Escrow Agreement between Plaintiff, Defendants, and SC Endowment dated January 12, 2023; and (2) the Order Granting Motion to Dismiss filed on April 30, 2024 in *GP Asset Holdings, LLC v. RossLaw, PLLC*, United States District Court Case No. 23-CV-2360 TWR (KSC). (ECF No. 14-2.) Plaintiff does not object to the Court taking judicial notice of the requested documents.

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). However, "[t]here are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.* Judicial notice permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute"—i.e. if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A district court must clearly specify what fact or facts it judicially notices. *See Khoja*, 899 F.3d at 999. "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.*

The unopposed Request for Judicial Notice (ECF No. 14-2) is granted.

## V. DISCUSSION

Under District of Columbia law,[1] "a plaintiff asserting a claim of negligence must establish that (1) a duty of care was owed by the defendant to the plaintiff; that there was

---

[1] The Escrow Agreement provides that it was "being made in and is intended to be construed according to the laws of the District of Columbia (USA)" (ECF No. 14-2 at 8), and the parties cite to D.C. law.

(2) a breach of that duty by the defendant; and that (3) damage to the interests of the plaintiff was (4) proximately caused by the breach." *Petway v. Santander Consumer USA Inc.*, No. CV 22-3100 (RBW), 2024 WL 3443765, at *7 (D.D.C. July 17, 2024) (quoting *District of Columbia v. Cooper*, 483 A.2d 317, 321 (D.C. 1984)). "The foundation of modern negligence law is the existence of a duty owed by the defendant to the plaintiff. Negligence is a breach of duty; if there is no duty, there can be no breach, and hence no negligence." *N.O.L. v. District of Columbia*, 674 A.2d 498, 499 n.2 (D.C. 1995) (citing *Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339 (1928)). "Because the existence of a legal duty is an essential element of a negligence claim under District of Columbia law, the plaintiff 'must specify a negligent act and characterize the duty whose breach might have resulted in negligence liability.'" *Petway*, 2024 WL 3443765, at *7 (quoting *District of Columbia v. White*, 442 A.2d 159, 162 (D.C. 1982)). "And, a complaint alleging negligence may not rest on mere conclusory assertions as to the existence of any element of the claim, including the duty element." *Id*. (quotation omitted).

The FAC fails to adequately allege a legally recognizable duty of care either Defendant owed Plaintiff. Indeed, the FAC fails to allege that either Defendant owed Plaintiff any duty. The word "duty" only appears in the FAC in reference to RossLaw's "concealed fiduciary duty to [nonparty] SC Endowment" (*see* FAC ¶ 43, ECF No. 9) and the "purported fiduciary duty waiver" that RossLaw "camouflaged" in the Escrow Agreement (*see id.* ¶ 32). It may be inferred from the allegations related to the "purported fiduciary duty waiver" that the FAC attempts to allege that the waiver was ineffective and therefore Defendants owed Plaintiff a fiduciary duty as an escrow agent. *Cf. Cap. River Enterps., LLC v. Abod*, 301 A.3d 1234, 1242 (D.C. 2023) ("Escrow agents owe a fiduciary duty of care to both buyer and seller in a real estate transaction."). However, the Escrow Agreement contains a waiver stating: "[t]his Agreement shall not be deemed to create a fiduciary relationship between the parties hereto under state or federal law." (FAC ¶ 32, ECF No. 9.) "[A] court applying D.C. law will … enforce a liability waiver if it clearly and unambiguously expresses an intent to release the party from liability for tortious conduct,

and to the extent the conduct is not grossly negligent, reckless, or intentional in nature." *Goodrich v. Bank of Am., N.A.*, No. 21-CV-01344 (DLF), 2024 WL 341064, at *7 (D.D.C. Jan. 30, 2024) (citing *Mero v. City Segway Tours of Washington DC, LLC*, 962 F. Supp. 2d 92, 97 (D.D.C. 2013)). Although the FAC alleges that the waiver was "camouflaged" in the Escrow Agreement (*see* FAC ¶ 32, ECF No. 9), the Court has taken judicial notice of the Escrow Agreement and is persuaded by the reasoning of Judge Todd W. Robinson, who analyzed the same Escrow Agreement and "concluded that Plaintiff clearly and unambiguously disclaimed a fiduciary relationship with Defendants in the Escrow Agreement." *GP Asset Holdings, LLC v. RossLaw, PLLC*, 23cv2360-TWR (KSC), ECF No. 33 at 7 (citing *Capitol Just., LLC v. Wachovia Corp.*, No. CV 07-2095 (RCL), 2008 WL 11388566, at *6 (D.D.C. June 11, 2008) ("Courts have held that no fiduciary duty arises where a contract expressly disclaims such a duty, even if the parties' relationship could conceivably be characterized as fiduciary in nature.")). The FAC also fails to allege that Defendants' conduct was "grossly negligent, reckless, or intentional in nature." *Goodrich*, 2024 WL 341064, at *7.

Accordingly, based upon the allegations of the FAC and the Court's judicial notice of the Escrow Agreement, the Court finds that the fiduciary duty waiver in the Escrow Agreement is enforceable. Because the FAC fails to allege any other basis for a legally recognizable duty of care either Defendant owed Plaintiff, the Motion to Dismiss Count 2 is granted and the FAC's negligence claim is dismissed. Since it is possible that the negligence claim may be saved through amendment, the dismissal is without prejudice and with leave to amend. *See Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) ("Dismissal without leave to amend is improper unless it is clear … that the complaint could not be saved by any amendment.") (quotation omitted).

## VI. CONCLUSION

IT IS HEREBY ORDERED that the Court grants Defendants' Motion to Dismiss Count 2 (ECF No. 14) and dismisses without prejudice the FAC's second cause of action for negligence. No later than fourteen (14) days from the date this Order is issued, Plaintiff

may file a Second Amended Complaint. If Plaintiff does not file a Second Amended Complaint within fourteen (14) days, Defendants shall file an answer to the FAC's first cause of action for Breach of Contract no later than twenty-one (21) days from the date this order is issued.

Dated: January 22, 2025

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court