UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL TECHNOLOGY SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROSSLAW, PLLC; and MATTHEW E. ROSS, <br><br> Defendants. | Case No.: 24-cv-320-WQH-AHG <br><br> **ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Count 2 of the Second Amended Complaint Pursuant to Fed. R. Civ. Proc. 12(b)(6) ("Motion to Dismiss Count 2 of the SAC") (ECF No. 25), filed by Defendants RossLaw PLLC ("RossLaw") and Matthew E. Ross ("Ross") (collectively, "Defendants").

I. **PROCEDURAL BACKGROUND**

On February 21, 2024, Plaintiff Global Technology Solutions, Inc. ("GTS" or "Plaintiff") initiated this action by filing a Complaint against Defendants for breach of contract and breach of fiduciary duty. (ECF No. 1.)

On May 7, 2024, Defendants filed a Motion to Dismiss Count 2 of the Complaint (the "First Motion to Dismiss") (ECF No. 5), moving to dismiss Plaintiff's claim for breach of fiduciary duty.

On May 28, 2024, Plaintiff filed a First Amended Complaint ("FAC") against Defendants for breach of contract and negligence. (ECF No. 9.) In response, on June 11, 2024, the Court issued an Order denying as moot Defendants' First Motion to Dismiss. (ECF No. 13.)

On June 21, 2024, Defendants filed a Motion to Dismiss Count 2 of the FAC Pursuant to Fed. R. Civ. Proc. 12(b)(6), moving to dismiss Plaintiff's negligence claim. (ECF No. 14.)

On January 22, 2025, the Court issued an Order (the "January Order") granting Defendants' Motion to Dismiss Count 2 of the FAC Pursuant to Fed. R. Civ. Proc. 12(b)(6), dismissing Plaintiff's negligence claim against Defendants. (ECF No. 23 at 7.)

On February 5, 2025, Plaintiff filed a Second Amended Complaint ("SAC") against Defendants for breach of contract and negligence. (SAC, ECF No. 24.)

On February 19, 2025, Defendants filed the pending Motion to Dismiss Count 2 of the SAC. (ECF No. 25.) On March 11, 2025, Plaintiff filed a Response in opposition to the Motion to Dismiss Count 2 of the SAC. (ECF No. 26.) On March 17, 2025, Defendants filed a Reply. (ECF No. 30.)

## II.  ALLEGATIONS IN THE SAC

RossLaw "is a professional limited liability company organized and existing under the laws of District of Columbia." (SAC ¶ 18.) Ross "is an individual and the Managing Member of RossLaw, PLLC" and is the only member of RossLaw. *Id*. ¶¶ 18–19.

RossLaw and Plaintiff GTS entered into an Escrow Agreement effective January 12, 2023, between GTS and non-party SC Endowment Ltd. ("SC Endowment"), "who are the two principals of a commercial transaction, and Defendant RossLaw, who agreed to and did serve as the escrow agent." *Id*. ¶ 3. The Escrow Agreement required GTS to make an $800,000 refundable deposit to RossLaw's IOLTA Attorney Trust Account ("Escrowed

Funds"). *Id*. ¶ 26. According to the Escrow Agreement, RossLaw was to hold this refundable deposit until RossLaw was in possession of:

> (1) the Surety in the form of an irrevocable Pay Order from Banco BBVA Spain in the amount of €800,000, (2) a Notice of Readiness – Issuance and Formation of Private Corporate Bond email from Kendall Knowles attorney for TC Advantage Traders Ltd stating that the Financial Guarantee for the Bond is approved and that TC Advantage Traders will produce and sell the Bond to one of their authorized institutional buyers and (3) an invoice from SC Endowment.

*Id*.

Under the Escrow Agreement, if the Surety was not received by RossLaw within fifteen (15) business days of the GTS deposit of $800,000, RossLaw "was to return the $800,000 deposit to GTS with no further obligation." *Id*. ¶ 27. The agreement also stated:

> [i]n the event RossLaw timely received the Surety … but [ ] was not presented with the completed Bond with either an ISIN or CUSIP identification corresponding to the Bond within one-hundred-twenty (120) days of the GTS $800,00 refundable deposit, RossLaw was required and instructed to send the Surety in the form of an irrevocable Pay Order from Banco BBVA Spain in the amount of €800,000 to GTS by bonded Fed Ex carrier, so that GTS could present the pay order to Banco BBVA Spain for payment.

*Id*. ¶ 28.

The Surety did not arrive at RossLaw's office within fifteen (15) business days of receipt of the Escrowed Funds from Plaintiff, and as of the date of filing, the Surety has never arrived. *Id*. ¶ 46. Under the terms of the Escrow Agreement, Plaintiff had the right to have the Escrowed Funds immediately returned. *Id*. ¶ 31.

Instead, the Escrowed Funds were disbursed by RossLaw. *Id*. ¶ 34. The transaction had not yet closed within one-hundred-twenty (120) days of RossLaw's receipt of Plaintiff's escrowed deposit, and under the Escrow Agreement, RossLaw was required to send the Surety back to Plaintiff in the form of an irrevocable Pay Order in the amount of €800,000, but RossLaw never obtained possession of the Surety in this way. *Id*. ¶ 46. RossLaw instead received a purported Surety in the form of an irrevocable Pay Order from

a different bank than what was expressly required under the Escrow Agreement, without written permission from GTS, and RossLaw distributed the Escrowed Funds anyway. *Id*. ¶ 36. Plaintiff sent a written demand to RossLaw to return the Escrowed Funds to Plaintiff, which RossLaw refused. *Id*. ¶¶ 46, 56.

Plaintiff brings two claims against Defendants: (1) Breach of Contract; and (2) Negligence. Plaintiff seeks compensatory damages, an award of appropriate pre-judgment and post-judgment interest, and an award of reasonable attorneys' fees and costs.

As relevant to the negligence claim, Plaintiff alleges that RossLaw "owed GTS the duty to exercise reasonable care and skill in the performance of the terms and instructions set forth in the Escrow Agreement." *Id*. ¶ 54. Plaintiff alleges that RossLaw "breached its duties owed to GTS by … failing to perform the terms and instructions of the Escrow Agreement with reasonable care and skill, in manner [sic] that a reasonable prudent professional in RossLaw's role as the Escrow Agent would have done." *Id*. ¶ 56. Specifically, Plaintiff alleges that RossLaw was negligent when disbursing the Escrowed Funds without first obtaining the Surety as set forth in the Escrow Agreement and without providing appropriate supporting documentation to Plaintiff. *Id*. Plaintiff further alleges that RossLaw was negligent when it failed to return the $800,000 deposit and the Surety to Plaintiff. *Id*.

Plaintiff alleges that because of RossLaw's negligence, Plaintiff has suffered damages including the sum of the refundable Escrow Deposit, the Surety worth €800,000, and out of pocket expenses related to the loss of Plaintiff's funds exceeding $845,000, plus interest. *Id*. ¶ 60.

### III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim for relief, a pleading "must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of

sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)). While a pleading "does not require 'detailed factual allegations,'" Rule 8 nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

**IV. JUDICIAL NOTICE**

Defendants request the Court take judicial notice of the Escrow Agreement between Plaintiff, Defendants, and SC Endowment dated January 12, 2023. (ECF No. 25-2.) Plaintiff does not object to the Court taking judicial notice of the requested document.

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). However, "[t]here are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.* Judicial notice permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute"—i.e. if it is

"generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A district court must clearly specify what fact or facts it judicially notices. *See Khoja*, 899 F.3d at 999. "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.*

The unopposed Request for Judicial Notice (ECF No. 25-2) is granted.

## V.   DISCUSSION

As the Court noted in the January Order:

> Under District of Columbia law,[1] "a plaintiff asserting a claim of negligence must establish that (1) a duty of care was owed by the defendant to the plaintiff; that there was (2) a breach of that duty by the defendant; and that (3) damage to the interests of the plaintiff was (4) proximately caused by the breach." *Petway v. Santander Consumer USA Inc.*, No. CV 22-3100 (RBW), 2024 WL 3443765, at *7 (D.D.C. July 17, 2024) (quoting *District of Columbia v. Cooper*, 483 A.2d 317, 321 (D.C. 1984)). "The foundation of modern negligence law is the existence of a duty owed by the defendant to the plaintiff. Negligence is a breach of duty; if there is no duty, there can be no breach, and hence no negligence." *N.O.L. v. District of Columbia*, 674 A.2d 498, 499 n.2 (D.C. 1995) (citing *Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339 (1928)).

(ECF No. 23 at 5–6.) The SAC alleges that "RossLaw owed GTS the duty to exercise reasonable care and skill in the performance of the terms and instructions set forth in the Escrow Agreement, as alleged fully herein and as RossLaw confirmed in the January 20 and 26 2023 Letters of Attestation" and that "[t]he standard of care arising out of RossLaw's duty to exercise reasonable care and skill is measured by the course of action that a reasonably prudent professional with the [sic] RossLaw's role as the Escrow Agent in this transaction would have taken under the same or similar circumstances." (SAC ¶¶ 54–55.) The SAC further alleges that:

---

[1] The Escrow Agreement provides that it was "being made in and is intended to be construed according to the laws of the District of Columbia (USA)" (ECF No. 25-2 at 8), and the parties cite to D.C. law.

> Ross Law breached its duties owed to GTS by its acts and omissions as alleged herein, by failing to perform the terms and instructions of the Escrow Agreement with reasonable care and skill, in manner [sic] that a reasonable prudent professional in RossLaw's role as the Escrow Agent would have done. Specifically, RossLaw breach[ed] its duties owed to GTS by:
>
> A. Failing to return the refundable deposit to GTS when the Surety in the form of an irrevocable Pay Order from Banco BBVA Spain in the amount of €800,000 did not arrive at RossLaw's office within fifteen (15) business days of RossLaw's receipt of the Escrowed Funds by GTS and in fact never arrived in the RossLaw office.
> B. Disbursing the GTS refundable deposit to SC Endowment contrary to the terms and instructions in the Escrow Agreement that required RossLaw to first be in physical possession of the Surety in the form of an irrevocable Pay Order from Banco BBVA Spain in the amount of €800,000, as well as disclosure to GTS that TC Advantage Traders agreed that it "will produce and sell the Bond to one of their authorized institutional buyers."
> C. Failing to provide GTS with the irrevocable Pay Order from Banco BBVA Spain in the amount of €800,000 when the transaction had not closed within 120-days of RossLaw's receipt of the GTS escrowed deposit, as demanded by GTS, and instead, retaining possession of the Pay Order allowing it to expire.
> D. Failing to return the Escrowed refundable deposit to GTS, despite written demands by GTS.
> E. Vouching for the parties to the transaction and specifically SC Endowment, without performing reasonable due diligence.

*Id.* ¶ 56. The Court notes that the allegations which make up Plaintiff's negligence claim and identify Defendants' breach of duty are identical to the allegations underlying Plaintiff's breach of contract claim with the exception that the breach of contract claim does not include the allegation regarding "Vouching for the parties to the transaction." (*Compare* SAC ¶ 46, *with id.* ¶ 56.)

Even assuming arguendo that Plaintiff has alleged that Defendants owed it a general duty of care outside of any fiduciary duty, in the District of Columbia, a tort must arise independently of a contractual relationship such that it can stand "even if the contractual relationship did not exist." *Choharis v. State Farm Fire & Cas. Co.*, 961 A.2d 1080, 1089

(D.C. 2008). Interpreting this general principle, courts have held that "'[a] negligence claim based solely on a breach of the duty to fulfill one's obligations under a contract … is duplicative and unsustainable.'" *Friends Christian High Sch. v. Geneva Fin. Consultants*, 39 F. Supp. 3d 58, 63–64 (D.D.C. 2014) (alterations in original) (quoting *Himmelstein v. Comcast of the Dist., L.L.C.*, 908 F. Supp. 2d 49, 55 (D.D.C. 2012)) (collecting cases).

    Here, Plaintiff alleges that Defendants breached their duty of care by failing to comply with the terms of the Escrow Agreement—the underlying contract—and, in fact, relies on identical factual allegations to assert both its breach of contract and negligence claims. Because the negligence claim rests solely on Defendants' alleged failure to perform their contractual obligations, it is duplicative and legally unsustainable, regardless of whether Defendants owed Plaintiff a general duty of care. *See Friends Christian High Sch.*, 39 F. Supp. 3d at 63.[2]

    Furthermore, as the Court previously noted in the January Order, to the extent Plaintiff intends to allege that Defendants owed Plaintiff a fiduciary duty as an escrow agent, "'Plaintiff clearly and unambiguously disclaimed a fiduciary relationship with Defendants in the Escrow Agreement.'" (ECF No. 23 at 7 (quoting *GP Asset Holdings, LLC v. RossLaw, PLLC*, 23cv2360-TWR (KSC), ECF No. 33 at 7).)

    Based on the allegations in the SAC and the Court's judicial notice of the Escrow Agreement, the SAC fails to allege any basis for the Court to find that the fiduciary duty waiver in the Escrow Agreement is not enforceable. As the SAC fails to identify any other legally viable basis for the negligence claim under District of Columbia law, the Motion to Dismiss Count 2 is granted, and the negligence claim is dismissed.

/ / /

/ / /

---

[2] Plaintiff's Response in opposition fails to provide any meaningful argument that its negligence claim is not based upon Defendants' obligations under the Escrow Agreement. Instead, Plaintiff merely contends that a negligence claim may generally exist independent of a fiduciary duty.

## VI. LEAVE TO AMEND

Defendants contend that "further amendment [of the complaint] would be futile" in this case. (ECF No. 25-1 at 16.) Plaintiff does not oppose this contention. (*See generally* ECF No. 26.)

"A district court … may in its discretion deny leave to amend due to … repeated failure to cure deficiencies by amendments previously allowed … [or] futility of amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotation marks omitted)); *see also Finley v. Williams*, No. 2:21-CV-06277-RGK-PD, 2022 WL 2036309, at *3 (C.D. Cal. Jan. 24, 2022) (denying Plaintiff's motion to amend the complaint for her "repeated failure to cure deficiencies"); *Schmier v. U.S. Ct. Appeals for Ninth Cir.*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing that "[f]utility of amendment" is a proper basis for dismissal without leave to amend); *Cantu v. Tapestry, Inc.*, 697 F. Supp. 3d 989, 992 (S.D. Cal. 2023) (finding that "if the plaintiff has previously amended his complaint, the court's 'discretion to deny leave to amend is particularly broad'") (quoting *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013)).

Plaintiff has amended its complaint twice to no avail. (*See* ECF Nos. 9 & 24.) Despite these amendments, Plaintiff has failed to establish any legally viable basis for its negligence claim and has not presented new facts that would suggest further amendment could cure the deficiencies identified by the Court in both the January Order and this Order. *See* ECF No. 23; *see also Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("[W]e have held that a district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally."). Accordingly, the Court finds that further amendment would be futile and declines to grant Plaintiff leave to amend for a third time.

## VII. CONCLUSION

IT IS HEREBY ORDERED that the Court grants Defendants' Motion to Dismiss Count 2 of the SAC (ECF No. 25) and dismisses without prejudice and without leave to

amend the SAC's second cause of action for negligence. Defendants shall file an answer to the SAC's first cause of action for breach of contract no later than twenty-one (21) days from the date this Order is issued.

Dated: May 30, 2025

Hon. William Q. Hayes
United States District Court